1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Annick M. Persinger (State Bar No. 272996)
Yeremey O. Krivoshey (State Bar No. 295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail:  ltfisher@bursor.com
          apersinger@bursor.com
          ykrivoshey@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
888 Seventh Avenue
New York, NY  10019
Telephone: (212) 989-9113
Facsimile:  (212) 989-9163
E-Mail: scott@bursor.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO MORA, on Behalf of Himself and all Others Similarly Situated, | Case No. |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | |
| ZETA INTERACTIVE CORP. and DAVID A. STEINBERG, | **JURY TRIAL DEMANDED** |
| Defendant. | |

Plaintiff Sergio Mora ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following on information and belief, except that Plaintiff's allegations as to his own actions are based on personal knowledge.

## NATURE OF THE ACTION

1.      On November 13, 2015, defendants Zeta Interactive Corp. ("Zeta") and David Steinberg (collectively "Defendants"), acting through a now-defunct company called Ward Media, Inc. ("Ward Media"), made two calls to Plaintiff on his cellular telephone using an autodialer and/or an artificial or prerecorded voice.  Plaintiff did not give Defendants prior express written consent to make these calls.

2.      Plaintiff brings this action for injunctive relief and statutory damages arising out of and relating to the conduct of Defendants in negligently, knowingly, and willfully contacting Plaintiff and class members on their telephones using an artificial or prerecorded voice without their prior express written consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## PARTIES

3.      Plaintiff Sergio Mora is, and at all times mentioned herein was, a resident of Los Banos, California and a citizen of the State of California.

4.      Defendant Zeta Interactive Corp., formerly known as XL Marketing Corp., is a Delaware corporation headquartered at 185 Madison Avenue, 5th Floor, New York, NY 10016. Zeta was the parent corporation of Ward Media, Inc. until that corporation was dissolved on October 29, 2015.

5.      Defendant David A. Steinberg is the CEO and Founder of Zeta.  He also served as the CEO of Ward Media, Inc. until that corporation was dissolved on October 29, 2015.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2 Stat. 4 ("CAFA"), which, *inter alia*, amends 28 U.S.C. § 1332, at new subsection (d), conferring federal jurisdiction over class actions where, as

here: (a) there are 100 or more members in the proposed classes; (b) some members of the proposed classes have a different citizenship from Defendant; and (c) the claims of the proposed class members exceed the sum or value of five million dollars ($5,000,000) in aggregate. *See* 28 U.S.C. § 1332(d)(2) and (6).

7.      This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves violations of a federal statute, the TCPA.

8.      Venue is proper in this Court under 28 U.S.C. § 1391 because Defendant transacts significant business within this District and a substantial part of the events giving rise to Plaintiff's claims took place within this District.

## FACTS COMMON TO ALL CAUSES OF ACTION

**A.      The Telephone Consumer Protection Act Of 1991**

9.      In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

10.      Among other things, the TCPA prohibits "initiat[ing] any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party. . . ."

11.      According to findings by the Federal Communications Commission ("FCC"), such calls are prohibited because prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls are costly and inconvenient.

12.      The FCC has issued rulings clarifying that in order to obtain an individual's consent, a clear, unambiguous, and conspicuous written disclosure must be provided by the individual. 2012 FCC Order, 27 FCC Rcd. at 1839 ("[R]equiring prior written consent will better protect consumer privacy because such consent requires conspicuous action by the consumer—providing permission in writing—to authorize autodialed or prerecorded telemarketing calls. . . .").

**B.     Defendant's Robocalls to Plaintiff and Class Members**

13.     Prior to the calls at issue in this action, Plaintiff had never had any contact with Defendants.  Plaintiff has never consented in writing, or otherwise, to receive telephone calls from Defendants.  Plaintiff has never provided Defendants with his telephone number.

14.     On November 13, 2015, Defendants called Plaintiff twice from the number (800) 515-5871.  The first call was made at 8:24 AM and the second call was made at 8:25 AM.

15.     Plaintiff's caller ID indicated that these calls were made by an entity known as Education Bridge.  As described below, many other people who have received calls from (800) 515-5871 have identified the caller as Education Bridge.

16.     The websites education-bridge.com and educationbridge.info are registered to Ward Media, Inc.  Ward Media has also registered degreestreet.com, degreevenue.com, degreeavenue.com and degreeblvd.com.  Ward Media's website (wardmediainc.com) touted the company's focus on "Education Leads," noting that it had "developed a team dedicated to delivering Education leads on the web."

17.     Online consumer complaints regarding Defendants' unsolicited telemarketing robocalls from this same telephone number are legion:

- This number has called me 12 times over the last 3 days and has even called me has late has 9 at night wakeing up my child[1]

- i have gotten 8 calls from this number in two days![2]

- Same deal, unsolicited call about college courses.[3]

- Ya, some guy askin about college courses, but he wont stop callin even after i said i wasnt interested.[4]

- Keeps on calling and calling and calling like five times a day.[5]

- I have gotten approx. 5 calls from this number.  They claim to be representing "Educational Bridge"[6]

- they keep calling after you tell them no[7]

---

[1] http://800notes.com/Phone.aspx/1-800-515-5871 (last checked February 11, 2016).
[2] *Id.*
[3] *Id.*
[4] *Id.*
[5] *Id.*
[6] http://800notes.com/Phone.aspx/1-800-515-5871/2 (last checked February 11, 2016).

- This number has called me twice today. They keep asking for someone named 'Katie'.[8]
- Please remove me from this list!!![9]
- They keep calling even when I put the number on a do not call list[10]
- I would like for these calls to stop. They are unwanted and unidentified[11]
- i dont want this number callin![12]
- so tired of theese calls how do i stop them[13]
- Same deal as the rest.  I did NOT request any college information and they still call even after I asked them to remove my name and number from there call list.[14]
- They keep calling me too several times a day![15]
- Call received from Education Bridge wanting me to sign up for college tuition.  I informed the caller that I wa conducting a legal investigation and that my number was on a national "DO NOT CALL" list. Caller says that I applied on line; B/S to that, and I told her it was in error. Says that they will remove my number. I will believe that when hell freezes over![16]
- STOP Calling Me!!![17]
- stop calling me plzzz[18]
- I keep getting calls from this number.  Yesterday I answered and they said it was something about college courses.  I requested that they not call me again.  Today I got another call.  So much for that...[19]
- I get 5 calls a day[20]
- They called 4 times in one day. I called back "Education Bridge & Education Consultant" recorded message says to wait and some one will talk to you.[21]

---

[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] http://800notes.com/Phone.aspx/1-800-515-5871/3 (last checked February 11, 2016).
[11] *Id.*
[12] *Id.*
[13] *Id.*
[14] *Id.*
[15] *Id.*
[16] *Id.*
[17] *Id.*
[18] *Id.*
[19] *Id.*
[20] http://800notes.com/Phone.aspx/1-800-515-5871/8 (last checked February 11, 2016).
[21] *Id.*

## CLASS ACTION ALLEGATIONS

18.     Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated.

19.     Plaintiff proposes the following Robocall Class definition, subject to amendment as appropriate:

All persons within the United States who (a) received a non-emergency telephone call; (b) on his or her cellular telephone or residential telephone line; (c) made by or on behalf of Defendant in order to promote its products or services; (d) for whom Defendant had no record of prior express written consent; (e) and such phone call was made with the use of an artificial or prerecorded voice; (f) at any time in the period that begins four years before the filing of the complaint in this action to the date that class notice is disseminated.

Collectively, all these persons will be referred to as the "Robocall Class." Plaintiff represents, and is a member of, this proposed class. Excluded from the Robocall Class are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

20.     Plaintiff also proposes the following Autodialer Class definition:

All persons within the United States who (a) received a non-emergency telephone call; (b) on his or her cellular telephone or residential telephone line; (c) made by or on behalf of Defendant in order to promote its products or services; (d) for whom Defendant had no record of prior express written consent; (e) and such phone call was made with the use of an automatic telephone dialing system as defined under the TCPA; (f) at any time in the period that begins four years before the filing of the complaint in this action to the date that class notice is disseminated.

21.     Collectively, all these persons will be referred to as the "Autodialer Class." Plaintiff represents, and is a member of, this proposed class. Excluded from the Autodialer Class are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

22.     Plaintiff does not know the exact number of members in the proposed classes, but reasonably believes based on the scale of Defendant's business, and the number of online complaints, that the classes are so numerous that individual joinder would be impracticable.

CLASS ACTION COMPLAINT                                                                                              5

23.     Plaintiff and all members of the proposed classes have been harmed by the acts of Defendant in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and violations of their statutory rights.

24.     The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.  The proposed classes can be identified easily through records maintained by Defendant.

25.     There are well defined, nearly identical, questions of law and fact affecting all parties.  The questions of law and fact involving the class claims predominate over questions which may affect individual members of the proposed classes.  Those common question of law and fact include, but are not limited to, the following:

a.   Whether Defendant made telephone calls to class members using an artificial or prerecorded voice without their prior express written consent;

b.   Whether Defendant's conduct was knowing and/or willful;

c.   Whether Defendant is liable for damages, and the amount of such damages, and

d.   Whether Defendant should be enjoined from engaging in such conduct in the future.

26.     As a person who received numerous and repeated calls on his telephone using an artificial or prerecorded voice, without his prior express written consent, Plaintiff asserts claims that are typical of each member of the classes.  Plaintiff will fairly and adequately represent and protect the interests of the proposed classes, and has no interests which are antagonistic to any member of the proposed classes.

27.     Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes.

28.     A class action is the superior method for the fair and efficient adjudication of this controversy.  Class wide relief is essential to compel Defendant to comply with the TCPA.  The interest of the members of the proposed classes in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action

for violation of the TCPA are relatively small.  Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the members of the classes, by definition, did not provide the prior express consent required under the statute to authorize calls to their telephones.

29.     Defendant has acted on grounds generally applicable to the proposed classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the proposed classes as a whole appropriate.  Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## CAUSES OF ACTION

### FIRST COUNT
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

30.     Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

31.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

32.     As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the proposed classes are entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

33.     Plaintiff and members of the proposed classes are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

34.     Plaintiff and members of the proposed classes are also entitled to an award of attorneys' fees and costs.

### SECOND COUNT
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

35.     Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

36.     The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

37.     As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the classes are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

38.     Plaintiff and members of the proposed classes are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

39.     Plaintiff and members of the proposed classes are also entitled to an award of attorneys' fees and costs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all members of the proposed classes the following relief against Defendant:

    a.   Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

    b.   As a result of Defendant's willful and/or knowing violations of the TCPA, Plaintiff seeks for himself and each member of the proposed classes treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

    c.   As a result of Defendant's violations of the TCPA, Plaintiff seeks for himself and each member of the proposed classes $500.00 in statutory damages for each and every call that violated the TCPA;

    d.   An award of attorneys' fees and costs to counsel for Plaintiff and the proposed classes;

1        e.   An order certifying this action to be a proper class action pursuant to Federal Rule

2           of Civil Procedure 23, establishing appropriate classes, finding that Plaintiff is a

3           proper representative of the classes, and appointing the lawyers and law firm

4           representing Plaintiff as counsel for the classes;

5        f.   Such other relief as the Court deems just and proper.

6

**DEMAND FOR JURY TRIAL**

7        Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any

8 and all issues in this action so triable of right.

9

10 Dated:  February 11, 2016          Respectfully submitted,

11                     **BURSOR & FISHER, P.A.**

12                     By:    */s/ L. Timothy Fisher*

13                           L. Timothy Fisher

14                     L. Timothy Fisher (State Bar No. 191626)

15                     Annick M. Persinger (State Bar No. 272996)
Yeremey O. Krivoshey (State Bar No.295032)

16                     1990 North California Blvd., Suite 940
Walnut Creek, CA  94596

17                     Telephone: (925) 300-4455
Email: ltfisher@bursor.com

18                             apersinger@bursor.com
       ykrivoshey@bursor.com

19

20                     **BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)

21                     888 Seventh Avenue
New York, NY  10019

22                     Telephone: (212) 989-9113
Facsimile:  (212) 989-9163

23                     E-Mail: scott@bursor.com

24                     *Attorneys for Plaintiff*

25

26

27

28