**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Annick M. Persinger (State Bar No. 272996)
Yeremey O. Krivoshey (State Bar No. 295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail:  ltfisher@bursor.com
              apersinger@bursor.com
              ykrivoshey@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
888 Seventh Avenue
New York, NY  10019
Telephone: (212) 989-9113
Facsimile:  (212) 989-9163
E-Mail: scott@bursor.com

*Attorneys for Plaintiff*

**NEWMAN DU WORS, LLP**
Derek Alan Newman (State Bar No. 190467)
100 Wilshire Boulevard, Suite 940
Santa Monica, CA 90401
Telephone: 310-359-8200
Facsimile: 310-359-8190
E-Mail: derek@newmanlaw.com

**NEWMAN DU WORS, LLP**
John David Du Wors (State Bar No. 233913)
Samantha M. Everett (State Bar No. 234402)
2101 Fourth Avenue, Suite 1500
Seattle, WA 98125
Telephone: (206) 274-2800
Facsimile: (206) 274-2801
E-Mail: john@newmanlaw.com
              samantha@newmanlaw.com

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO MORA, on Behalf of Himself and all Others Similarly Situated,<br><br>                              Plaintiff,<br>     v.<br><br>ZETA INTERACTIVE CORP. and DAVID A. STEINBERG,<br><br>                              Defendant. | Case No.  1:16-cv-00198-DAD-SAB<br><br>**JOINT SCHEDULING REPORT**<br><br>Date:     May 3, 2016<br>Time:    9:45 AM<br>Place:   Courtroom 9 (6th Floor)<br>Judge:   Hon. Stanley A. Boone |

JOINT SCHEDULING REPORT
CASE NO.  1:16-CV-00198-DAD-SAB

The parties to the above-entitled action (the "Parties") submit this Joint Scheduling Report pursuant to the Court's February 2, 2016 Order Setting Mandatory Scheduling Conference (ECF No. 4).

## 1. Summary of Factual and Legal Contentions

### A. Plaintiff's Statement

Defendants Zeta Interactive Corp. ("Zeta") and David Steinberg (collectively "Defendants"), acting through a now-defunct company called Ward Media, Inc. ("Ward Media"), made at least two phone calls to Plaintiff on his cellular telephone using an autodialer and/or an artificial or prerecorded voice. Plaintiff did not give Defendants prior express written consent to make these calls. As such, these calls violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

### B. Defendants' Statement

Plaintiff Sergio Mora ("Plaintiff" or "Mora") seeks over five million dollars ($5,000,000.00) for two auto-dialed telephone calls on his cellular phone from a company called Ward Media, Inc., in violation of the Telephone Consumer Protection Act ("TCPA"). He names as Defendants both Zeta Interactive, Inc. ("Zeta"), the parent company of Ward Media, and David A. Steinberg ("Steinberg"), the former CEO of Ward Media and current CEO of Zeta. First, there is no support for the legal theories he advances against Steinberg. Second, discovery in this case will reveal that Plaintiff and a substantial number of class members are subject to an agreement to individually arbitrate any claims against Defendants. Third, the purported classes do not have sufficiently common questions of law or fact, any common questions of law and/or fact do not predominate, Plaintiff will not adequately represent the class members, and a class action is not a superior method to adjudicate these claims. Finally, Plaintiff and/or the purported class members consented to the allegedly offending telephone calls, failed to opt-out of the allegedly offending telephone calls, and/or deliberately submitted their telephone number to Defendants in order to facilitate Plaintiff's lawsuit.

**2.    Deadline for Amendments to Pleadings**

Any amendments to the pleadings must be filed on or before April 25, 2016.

**3.    Contested and Uncontested Facts**

Defendants assert that there are multiple issues of contested fact at this time. Issues of contested fact include, but are not limited to: whether Plaintiff and any or all class members are consented to bring their claims individually before an arbitrator, whether Plaintiffs' purported classes are certifiable as classes, the size of Plaintiff's purported classes, whether a class action is a super method for adjudication of Plaintiff's claims, whether the calls at issue were made using auto-dialer technology; whether Plaintiff or any class members consented to receive the telephone calls at issue; whether Plaintiff or any class members are subject to agreements to arbitrate; whether the telephone calls at issue originated from Defendants and/or Ward Media and/or Education Bridge; whether the online complaints listed in Plaintiffs' Complaint relate to Defendants and/or Ward Media and/or Education Bridge; whether counsel for Plaintiffs and/or third party/ies used Plaintiffs' telephone numbers to directly consent to receive telephone calls from Defendants and/or Ward Media and/or Education Bridge; whether the telephone calls at issue in the contained instructions regarding how to opt-out; whether Plaintiff or any class members attempted to opt-out and/or request that their number(s) be added to Defendants' and/or Ward Media's and/or Education Bridge's "do not call" list; whether Plaintiff or any class members received any telephone calls after attempting to opt-out, and how many telephone calls they allegedly received. In addition, Steinberg may move to Dismiss Plaintiff's Amended Complaint. If Steinberg does not move to Dismiss, or his Motion is denied, there will be additional disputed issues of fact related to Mr. Steinberg's role in the allegedly offending telephone calls.

**4.    Disputed and Undisputed Legal Issues**

The parties agree that Defendants have been properly served and that this Court can exercise personal jurisdiction over Defendants.

Defendants assert that the following legal issues are disputed:

a) Whether Plaintiff's claims are the subject of an arbitration agreement and therefore jurisdiction in this Court is inappropriate.

b) Whether Mr. Steinberg can be held liable as a matter of law.

c) Whether Plaintiff's proposed class is certifiable.

**5.   Matters Presently Before the Court**

There are no matters presently before the Court.

**6.   Discovery Plan**

Plaintiff proposes the following schedule:

| | |
|---|---|
| Exchange of initial disclosures | April 21, 2016[1] |
| Cut-off for non-expert discovery  Plaintiff's motion for class certification, and any expert reports Plaintiff intends to use in support of class certification, to be filed and served | February 1, 2017 |
| Defendants' opposition to Plaintiff's motion for class certification, and any expert reports Defendants intend to use in opposition to class certification, to be filed and served | March 1, 2017 |
| Plaintiff's reply in support of class certification, and any rebuttal expert reports Plaintiff intends to use in connection with class certification, to be filed and served | April 1, 2017 |
| Hearing on motion for class certification | May 1, 2017 |
| Disclosure of expert witnesses as required by Fed. R. Civ. P. 26(a)(2) | June 1, 2017 |
| Cut-off date for expert witness discovery | August 1, 2017 |
| Last day to file dispositive motions  Last day to file Daubert motions | September 1, 2017 |
| Pre-Trial Conference Date | October 1, 2017 |
| Trial Date | November 1, 2017 |

Defendants propose the following schedule:

| | |
|---|---|
| Exchange of initial disclosures | May 2, 2016 |

---

[1] On April 21, 2016, Plaintiff served Defendants with his initial disclosures as he believed the parties had agreed during the 26(f) conference held on April 8, 2016.  Defendants believed that this date was still being negotiated and now propose May 2, 2016 for the exchange of initial disclosures.

JOINT SCHEDULING REPORT                                                                                       3
CASE NO.  1:16-CV-00198-DAD-SAB

| | |
|---|---|
| Cut-off for non-expert discovery related to arbitrability.* | September 7, 2016 |
| Cut-off for non-expert discovery related to class certification.* | December 1, 2016 |
| Plaintiff's motion for class certification, and any expert reports Plaintiff intends to use in support of class certification, to be filed and served | January 18, 2017 |
| Defendants' opposition to Plaintiff's motion for class certification, and any expert reports Defendants intend to use in opposition to class certification, to be filed and served | February 20, 2017 |
| Plaintiff's reply in support of class certification, and any rebuttal expert reports Plaintiff intends to use in connection with class certification, to be filed and served | March 20, 2017 |
| Hearing on motion for class certification | April 3, 2017 |
| Cut-off for non-expert discovery.* | July 3, 2017 |
| Disclosure of expert witnesses as required by Fed. R. Civ. P. 26(a)(2) | August 4, 2017 |
| Cut-off date for expert witness discovery | September 8, 2017 |
| Last day to file dispositive motions<br><br>Last day to file Daubert motions | October 13, 2017 |
| Pre-Trial Conference Date | December 1, 2017 |
| Trial Date | January 8, 2018 |

*Defendants propose dividing discovery into three phases: (1) "arbitrability", related only to whether Plaintiff is bound by an arbitration agreement; (2) "class certification", related only to issues regarding certification of the class; and (3) "merits", to occur only if the Court grants class certification and consisting of the remainder of non-expert discovery.

Other than the phasing proposed by Defendants, the parties do not propose any changes in the limits on discovery imposed by Fed. R. Civ. P. 26(b); 30(a)(2)(A), (B); 30(d); or 33(a).

The parties are currently negotiating a protective order.

The parties do not anticipate discovery outside of the United States.

The parties do not intend to take video depositions.

**7.     Agreed Upon Dates**

See discovery plan above.

**8.   Settlement**

The parties have and will continue to engage in settlement discussions.

**9.   Jury Trial**

Plaintiff has requested a jury trial.

**10.   Trial Days**

The parties anticipate that a trial in this action would take one week.

**11.   Consent to Proceed Before a Magistrate Judge**

Defendants do not consent to proceed before a Magistrate Judge.

**12.   Bifurcation**

The parties do not request bifurcation or phasing in this matter or than that set out in the proposed schedule paragraph 6.

**13.   Related Matters**

The parties are not aware of any related matters.


Dated:  April 26, 2016                         **BURSOR & FISHER, P.A.**

By:   */s/ L. Timothy Fisher*
         L. Timothy Fisher

L. Timothy Fisher (State Bar No. 191626)
1990 North California Blvd., Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Email: ltfisher@bursor.com

*Attorney for Plaintiff*


Dated:  April 26, 2016                         **NEWMAN DU WORS, LLP**

By:   */s/ John Du Wors*
John Du Wors (State Bar No. 233913)
Samantha M. Everett (State Bar No. 234402)
2101 Fourth Avenue, Suite 1500
Seattle, WA 98125
Telephone: (206) 274-2800

JOINT SCHEDULING REPORT                                                                          5
CASE NO.  1:16-CV-00198-DAD-SAB

Facsimile: (206) 274-2801
E-Mail: john@newmanlaw.com
samantha@newmanlaw.com

*Attorneys for Defendants*