1  John Du Wors, State Bar No. 233913
2  *john@newmanlaw.com*
3  Samantha Everett, State Bar No. 234402
   *samantha@newmanlaw.com*
4  NEWMAN DU WORS LLP
5  2101 Fourth Avenue, Suite 1500
   Seattle, WA 98121
6  Telephone:  (206) 274-2800
7  Facsimile:   (206) 274-2801

8  Attorneys for Defendants
9  Zeta Interactive Corp. and
   David A. Steinberg

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO MORA, on Behalf of Himself and all Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ZETA INTERACTIVE CORP. and DAVID A. STEINBERG,<br><br>Defendants. | Case No. 1:16-cv-00198-DAD-SAB<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT DAVID A. STEINBERG'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>The Honorable Dale A. Drozd<br>Date:       June 7, 2016<br>Time:       9:30 a.m.<br>Location:  Courtroom 5, 7th Floor |

## I. INTRODUCTION

Plaintiff Sergio Mora ("Plaintiff" or "Mora") seeks over five million dollars ($5,000,000.00) for two auto-dialed telephone calls on his cellular phone from a company called Ward Media, Inc., in violation of the Telephone Consumer Protection Act ("TCPA"). He names as Defendants both Zeta Interactive, Inc. ("Zeta"), the parent company of Ward Media, and David A. Steinberg ("Steinberg"), the former CEO of Ward Media and current CEO of Zeta. With his First Amended Class Action Complaint ("Amended Complaint") Mora, added two sentences, which are simple recitations of the language cited as missing in Steinberg's previous Motion to Dismiss. Mora fails to state facts sufficient to support the legal theories he advances against Steinberg. In fact, apart from the new recitation in Paragraph 5, he makes no allegations, and alleges no facts, against Mr. Steinberg as an individual. Mora provides no additional facts to support his bald conclusion that Mr. Steinberg personally participated in or authorized the calls at issue, and that he failed to institute proper procedures to comply with the TCPA. Instead, Mora presents merely "threadbare recitals of the elements of the cause of action, supported by mere conclusory statements." *See Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). This is contrary to law, and Mora's complaint against Mr. Steinberg should be dismissed.

## II. STATEMENT OF ISSUES TO BE DECIDED

1. Has Plaintiff stated a claim for violation of the Telephone Consumer Protection Act against Defendant David A. Steinberg, where the Complaint contains only one conclusory recitation regarding personal participation or authorization by Mr. Steinberg of the allegedly offensive telephone calls?

## III. FACTUAL BACKGROUND[1]

Defendant Steinberg is founder and CEO of Defendant Zeta, a data-driven marketing and CRM company that integrates data, technology and marketing services. (Declaration of David A. Steinberg in support of his Motion to Dismiss ("Steinberg Decl."), at ¶ 2.) Headquartered in New York City, Zeta has an additional sixteen offices worldwide and hundreds of employees. It is a multi-million-dollar company. (Steinberg Decl. at ¶ 3.) In 2008, Zeta, then XL Marketing Corporation, formed XL Education Corp. and acquired Ward Media, a call center affiliate marketing program, along with several other marketing companies. (Amended Complaint ¶ 4; Steinberg Decl. at ¶ 4.) Ward Media operated the websites "education-bridge.com" and "educationbridge.info" and performed marketing services. (Amended Complaint ¶ 5; Steinberg Decl. at ¶ 5).

Steinberg was the Chairman of Ward Media when it was in existence. (Amended Complaint ¶ 5; Steinberg Decl. at ¶ 6.) Since 2008, he has also been, at various times, Chairman of Spire Vision, Chairman and CEO of XL Marketing, the parent company of XL Education Corp., Chairman of CAIVIS Acquisition Corp., and Executive Chairman of XL Education Corp. (Steinberg Decl. at ¶ 7.) As CEO of Zeta and Chairman of several subsidiaries, Steinberg is responsible high-level business decisions. (Steinberg Decl. at ¶ 8.) Like all large companies, Zeta employs teams of people to manage day-to-day operations. (*Id.*) For example, to manage the day-to-day operations of Ward Media, Zeta (then XL Marketing) had in place a team—which did not directly include Mr. Steinberg—"dedicated to delivering Education leads on the web." (Amended Complaint ¶ 16; Steinberg Decl. at ¶ 9).

Plaintiff alleges that he received two (2) auto-dialed telephone calls to his cellular phone from Education Bridge. (Amended Complaint ¶ 15.) He purports to bring suit on behalf of himself and a class of people who received unwanted

---
[1] Defendants reserve the right to challenge the factual allegations presented in the Complaint.

telephone calls from Education Bridge. (Amended Complaint ¶ 1.) Plaintiff names as one Defendant the parent company of Ward Media, Zeta.[2] And as the other Defendant, he names the CEO of Zeta and former Chairman of Ward Media, Mr. Steinberg. (Amended Complaint ¶ 1.) But Mora does not allege any facts – and there are none – that Steinberg participated in any way in the calls at issue, that he authorized or directed the allegedly offending calls, or that he failed to take sufficient efforts to safeguard against violations of the TCPA. Instead, Mora simply tacks on two sentences required by case law to allege liability of a principal for violations of the TCPA. (Amended Complaint ¶ 5.) Steinberg moves to dismiss.

## IV. DISCUSSION

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the complaint. Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). Allegations in a complaint "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Detailed factual allegations are not required, but the complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face. *Twombly,* 550 U.S., at 555, 570; *Ashcroft v. Iqbal*, 556 U.S. 662, 674 (2009). The court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Stanislaus Food Prods. Co. v. USS-POSCO Indus.*, 782 F. Supp. 2d 1059, 1064 (E.D. Cal. 2011); *see also Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010). "***The tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements.***" *Iqbal,* 556 U.S. at 663.

---

[2] Zeta disputes the allegations in Plaintiff's Complaint but does not move to dismiss the allegations against it at this time.

### A. An officer will only be liable for the acts of a corporation when the officer actively and directly participates in those acts.

In order to hold an officer personally liable for the acts of a corporation, a plaintiff must show that the allegedly offending act is one which the officer "authorizes or directs or in which he participates, notwithstanding that he acted as an agent of the corporation and not on his own behalf." *The Comm. for Idaho's High Desert, Inc. v. Yost,* 92 F.3d 814, 823 (9th Cir. 1996) (quoting *Transgo, Inc. v. Ajac Transmission Parts Corp.,* 768 F.2d 1001, 1021 (9th Cir. 1985). "Cases which have found personal liability on the part of corporate officers have typically involved instances where the defendant was the 'guiding spirit' behind the wrongful conduct, …or the 'central figure' in the challenged corporate activity." *Bangkok Broad. & T.V. Co., Ltd. v. IPTV Corp.*, 742 F. Supp. 2d 1101, 1114 (C.D. Cal. 2010) (citations omitted). And where a Complaint fails to state facts sufficient to distinguish the acts of the officer from the acts of the corporation, dismissal is appropriate:

> The Complaint must contain facts to plausibly suggest personal direction of the allegedly unlawful activities. At this early stage the Court must resolve ambiguities in favor of the Plaintiffs, but, here, there are no such ambiguities to resolve. The facts as presented in the Complaint are insufficient to interpret as specific conduct related to the underlying [] dispute, and not enough to compel the Court to pierce the corporate veil and exercise personal jurisdiction over [the individual] in his personal capacity.

*Barkett v. Sentosa Properties, LLC*, 2015 WL 502319, at *13 (E.D. Cal. Feb. 5, 2015).

This principle also applies to TCPA actions. Courts are to assume that "when Congress creates a tort action, it legislates against a legal background of ordinary tort-related vicarious liability rules and consequently intends its legislation to incorporate those rules. *Meyer v. Holley*, 537 U.S. 280, 285 (2003).[3] And Federal

---

[3] This basic principle has been applied in the Ninth Circuit to trademark infringement, *see The Comm. for Idaho's High Desert,* 92 F.3d at 823–24; unfair competition, *see Id. at* 823–24,

courts across the country have applied these standards to TCPA cases. Individual liability of an officer under the TCPA is only imposed where the officer "had direct, personal participation in or personally authorized the conduct found to have violated the statute." *Van Sweden Jewelers, Inc. v. 101 VT, Inc.*, No. 1:10-cv-253, 2012 WL 4074620 (W.D. Mich. June 21, 2012) (citations omitted). Each and every court that has allowed a TCPA case against an officer to proceed has required, at the very least, direct commission or authorization of wrongful acts by the corporate officer. *See, e.g., Maryland v. Universal Elections,* 787 F. Supp. 2d 408, 415–16 (D. Md. 2011); *Versteeg v. Bennett, Deloney & Noyes, P.C.,* 775 F. Supp. 2d 1316, 1321 (D. Wyo. 2011); *Baltimore–Washington Tel. Co. v. Hot Leads Co., LLC,* 584 F. Supp. 2d 736, 745 (D. Md. 2008). To rise to that level, the officer must have "failed to take efforts to implement appropriate policies or procedures designed to comply with the TCPA, or…authorized or personally engaged in conduct that clearly violated the TCPA." *Mais v. Gulf Coast Collection Bureau, Inc.*, 2013 WL 1283885, at *4 (S.D. Fla. Mar. 27, 2013). The extent of "direct participation" is key. An officer or agent of corporation is not liable for torts of others merely because of his office, and even knowledge of tortious conduct by the corporation is not enough to hold a director or officer liable for the torts of the corporation. Instead, there must be some other "unreasonable participation" in the unlawful conduct by the individual. *Wolf Designs, Inc. v. DHR Co.*, 322 F. Supp. 2d 1065, 1072 (C.D. Cal. 2004).

**B.  Dismissal of Mora's claim against Steinberg is appropriate because the Amended Complaint fails to sufficiently allege participation by Steinberg in the allegedly tortious conduct.**

Paragraph 5 of Plaintiff's Amended Complaint alleges the following:

…Upon information and belief, Defendant Steinberg, during all

---

*Transgo, Inc.,* 768 F.2d at 1021; copyright infringement, *see Novell, Inc. v. Unicom Sales, Inc., et al.,* No. C-03-2785 MMC, 2004 WL 1839117, at *17 (N.D. Cal. Aug. 17, 2004); and DMCA and FCA cases, s*ee Sonicview USA, Inc.,* 2012 WL 1965279, at *10 (S.D. Cal. May 31, 2012). Similarly, an individual "owner or officer of a corporation" may be held personally liable for a corporation's violation of unfair competition laws if "he or she actively and directly participates in the unfair business practice…" *See Bradstreet v. Wong,* 161 Cal. App. 4th 1440, 1458–59 (Cal. Ct. App. 2008).

times relevant to Plaintiff's claims, specifically, individually, and personally directed and authorized all of the unlawful calls described herein, and was intimately involved in the program to make these calls, including the selection of the calling equipment. Upon information and belief, Defendant Steinberg was the guiding spirit and central figure behind these unlawful calls being made in the matter they were.

(Amended Complaint ¶ 5.) The language of Paragraph 5 is nothing more than a simple recital of the elements required to hold a principal liable under the TCPA, as discussed herein. These elements were brought to Mora's attention in Defendant Steinberg's first Motion to Dismiss. There are no additional factual allegations against Mr. Steinberg to support the allegations of Paragraph 5. These statements are conclusory and implausible, and the inferences Mora seeks are not reasonable.

While it is the general rule that the allegations in a complaint must be accepted as true when ruling on a motion to dismiss, the court need not do so when the complaint contains "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal,* 556 U.S. at 663. Conclusory statements are "not entitled to be assumed true." (*Id*. at 664.) And the court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Stanislaus Food Prods. Co. v. USS-POSCO Indus.*, 782 F. Supp. 2d 1059, 1064 (E.D. Cal. 2011); *see also Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010).

Contrary to conclusory statements contained in Paragraph 5 of the Amended Complaint, Mr. Steinberg is a high-level decision maker. He does not manage the day-to-day business of the companies he runs, including Ward Media, but rather employs teams of people to do so. (Steinberg Decl. at ¶¶ 8, 9.) It is unreasonable to allege that a high-level executive of a multi-million-dollar company would have "specifically, individually, and personally directed and authorized all of the

unlawful calls described herein", or would be "intimately involved in the program to make these calls, including the selection of the calling equipment." (Amended Complaint ¶ 5.) Such unsupported, unreasonable conclusory statements should not be assumed to be—and in fact are not—true. Mr. Steinberg did not directly participate in any auto-dialed or other marketing calls at Ward Media. (Steinberg Decl. at ¶ 10.) And he never authorized any auto-dialed and/or artificial or pre-recorded voice calls to be placed to anyone who had not opted-in to such calls. (Steinberg Decl. at ¶ 11.) Mr. Steinberg cannot be liable as a matter of law for the alleged violations of the TCPA.

## V. CONCLUSION

Mora seeks to intimidate Mr. Steinberg by naming him as a Defendant, presumably to speed the settlement Plaintiff is seeking. But Mora's allegations against Steinberg are unreasonable, insufficient, and false. The unsupported conclusions that Mr. Steinberg was involved in the allegedly offending telephone calls cannot support Mora's claims. The Amended Complaint should be dismissed with prejudice as to Mr. Steinberg.

Dated: April 27, 2016

NEWMAN DU WORS LLP

_____
John Du Wors, State Bar No. 233913
*john@newmanlaw.com*
Samantha Everett, State Bar No. 234402
*samantha@newmanlaw.com*
2101 Fourth Avenue, Suite 1500
Seattle, WA 98121
Telephone: (206) 274-2800
Facsimile: (206) 274-2801

Attorneys for Defendants