1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   SERGIO MORA,                          No.  1:16-cv-00198-DAD-SAB

12              Plaintiff,

13         v.                              ORDER DENYING DEFENDANTS'
                                           MOTION TO DISMISS
14   ZETA INTERACTIVE CORP.; DAVID
     STEINBERG,                            (Doc. No. 17)
15
                Defendants.
16

17

18         In this class action matter, on April 13, 2016, plaintiffs filed a first amended complaint

19   against defendant Zeta Interactive Corp. and its CEO and founder David Steinberg alleging

20   violations of the Telephone Consumer Protection Act (TCPA), 42 U.S.C. § 227 *et seq*.  (Doc. No.

21   13.)[1]  On April 27, 2016, defendants moved to dismiss defendant Steinberg from the action.

22   (Doc. No. 17.)  On June 7, 2016, the court heard oral argument.  (Doc. No. 26.)  Attorney Josh

23   Arisohn appeared telephonically at the hearing for plaintiff.  (*Id*.)  Attorneys John Du Wors,

24   Nathan Durrance, and Samantha Everett appeared telephonically for defendants.  (*Id*.)  For the

25   reasons that follow, the motion to dismiss defendant Steinberg will be denied.

26   _____
     [1]  Plaintiff's first amended complaint was filed after the filing of a prior motion to dismiss
27   brought by defendants.  (Doc. Nos. 11 & 13.)  The court vacated the hearing date on the first
     motion to dismiss upon finding that the amended complaint had rendered that motion moot. (Doc.
28   No. 14.)

                                           1

1

**BACKGROUND**

Defendants move to dismiss defendant Steinberg from the action on the grounds that in light of the decision in *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009), the first amended complaint does not sufficiently allege that defendant Steinberg personally participated in or authorized the calls which are at issue in this action.  (Doc. No. 17-1.)  According to defendants such allegations are necessary to state a cognizable claim against a corporate officer.  (Doc. No. 17-1.)

In relevant part, plaintiff's amended complaint alleges that:

> Defendant David A. Steinberg is CEO and Founder of Zeta.  He also served as the CEO of Ward Media, Inc. until that corporation was dissolved on October 29, 2015.  Upon information and belief, Defendant Steinberg, during all times relevant to Plaintiff's claims, specifically, individually, and personally directed and authorized all of the unlawful calls described herein, and was intimately involved in the program to make these calls, including the selection of the calling equipment.  Upon information and belief, Defendant Steinberg was the guiding spirit and central figure behind these unlawful calls being made in the matter they were.

(Doc. No. 13, at 2–3.)  The amended complaint does not contain any other allegations pertaining specifically to defendant Steinberg.

**LEGAL STANDARD**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint.  *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v.*

2

1   *United States*, 915 F.2d 1242, 1245 (9th Cir. 1989).  In general, pro se complaints are held to less

2   stringent standards than formal pleadings drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519,

3   520-21 (1972).  However, the court need not assume the truth of legal conclusions cast in the

4   form of factual allegations.  *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th

5   Cir. 1986).  While Rule 8(a) does not require detailed factual allegations, "it demands more than

6   an unadorned, the defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678.  A

7   pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the

8   elements of a cause of action."  *Twombly*, 550 U.S. at 555.  *See also Iqbal*, 556 U.S. at 676

9   ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

10  statements, do not suffice.").  Moreover, it is inappropriate to assume that the plaintiff "can prove

11  facts which it has not alleged or that the defendants have violated the . . . laws in ways that have

12  not been alleged."  *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*,

13  459 U.S. 519, 526 (1983).

14                                    **ANALYSIS**

15          As a general rule of agency law, the personal liability of a corporate director or officer

16  must be "founded upon specific acts by the individual director or officer."  *United States v. Reis*,

17  366 Fed. Appx. 781, 782 (9th Cir. 2010).[2]  Numerous district courts have held that corporate

18  actors may be held individually liable for violating the TCPA where they "'had direct, personal

19  participation in or personally authorized the conduct found to have violated the statute.'"

20  *Sandusky Wellness Center, LLC v. Wagner Wellness, Inc.*, No. 3:12–cv–2257, 2014 WL 1333472,

21  at *3 (N.D. Ohio Mar. 28, 2014) (quoting *Texas v. Am. Blastfax, Inc.*, 164 F. Supp. 2d 892, 898

22  (W.D. Tex. 2001); *see also Jackson Five Star Catering, Inc. v. Beason*, No. 10–10010, 2013 WL

23  5966340, at *4 (E.D. Mich. Nov. 8, 2013) (personal participation in the payment for and

24  authorization of fax ads is sufficient to render a corporate officer liable under the TCPA); *Van*

25  *Sweden Jewelers, Inc. v. 101 VT, Inc.*, No. 1:10-cv-00253, 2012 WL 4074620 (W.D. Mich. June

26  21, 2012); *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415–16 (D. Md. 2011) ("[I]f an

27  _____

28  [2]  Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

1   individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose

2   much of its force."); *Versteeg v. Bennett, Deloney & Noyes*, P.C., 775 F. Supp. 2d 1316, 1321 (D.

3   Wyo. 2011); *Baltimore–Wash. Tel. Co. v. Hot Leads Co.*, 584 F.Supp.2d 736, 745 (D. Md. 2008)

4   (observing that if the defendants, who were the same defendants as in *American Blastfax*,

5   "actually committed the conduct that violated the TCPA, and/or . . . actively oversaw and directed

6   the conduct," they could be held individually liable for the statutory violations); *Covington &*

7   *Burling v. Int'l Mktg. & Research, Inc.*, No. CIV A 01–0004360, 2003 WL 21384825, at *6 (D.C.

8   Super. Apr. 17, 2003) (holding that corporate executives were personally liable because they "set

9   company policies and [oversaw] day-to-day operations" and were "clearly involved in the

10  business practices" that violated the TCPA).  Where corporate officers have not been found

11  personally liable for such violations, the evidence of the corporate officer's direct participation in

12  the wrongdoing has been lacking.  *See, e.g., Mais v. Gulf Coast Collection Bureau, Inc.*, No.

13  11-61936–CIV–SCOLA, 2013 WL 1283885 (S.D. Fla. Mar. 27, 2013).

14          In the instant case, defendants argue that the allegations specifically leveled against

15  defendant Steinberg lack details of his direct participation in any wrongdoing and are the type of

16  "threadbare recitals of a cause of action's elements, supported by mere conclusory statements"

17  found to be insufficient by the Supreme Court.[3]  *See Iqbal*, 556 U.S. at 663.  In opposition,

18  plaintiff's rely upon the decisions in *Bais Yaakov of Spring Valley v. Graduation Source, LLC*,

19  No. 14-cv-3232-NSR, 2016 WL 1271693, at *1, *5–6 (S.D. N.Y. March 29, 2016) and *Ott v.*

20  *Mortgage Investors Corp. of Ohio, Inc.*, 65 F. Supp. 3d 1046, 1060 (D. Or. 2014).  Plaintiff

21  argues that in these two cases "nearly identical allegations [were] found to sufficiently allege a

22  violation of the TCPA against a corporate officer."  (Doc. No. 21, at 4.)  Defendants respond that

23  "[e]ach case Plaintiff cites as support is distinguishable in that each contained specific allegations

24  of the executives' direct participation in the alleged TCPA violations."  (Doc. No. 23, at 2.)

25  _____

26  [3]  Defendants have attached the declaration of defendant Steinberg in support of their motion to
    dismiss.  (Doc. No. 17-2.)  However, plaintiff correctly argues that "[i]n considering a motion to

27  dismiss, the Court's review is limited to the allegations in the complaint, and the Court may not
    consider a declaration submitted by the other party."  (Doc. No. 21, at 4) (quoting *Healy v. DJO,*

28  *LLC*, No. 11-cv-673-IEG-JMA, 2012 WL 474482, at *2 (S.D. Cal. Feb. 14, 2012)).

The court finds that the allegations of plaintiff's amended complaint are indeed relatively similar to the allegations found to be sufficient in this context by the district courts in *Bais* and *Ott*. In *Bais*, the plaintiff alleged that the defendant "specifically, individually and personally directed and authorized all of the fax advertisements . . ., was intimately involved in the program to send these fax advertisements, including the design of the fax advertisements and authorized payment for the sending of those fax advertisements."  2016 WL 1271693, at *5.  The court found these allegations to be sufficient to state a claim against the corporate officer under the TCPA.  *Id.* at *6.  Likewise, in *Ott*, the plaintiffs alleged that

> the individual defendants were responsible for designing and implementing all activity by [the corporate defendant's] telemarketers, including deliberately turning off all Do–Not–Call lists.  In addition, three of them 'personally received numerous emails concerning requests to stop the calls by members of the Internal Do–Not–Call Class,' but ignored them and continued to cause [the corporate defendant] to make telemarketing calls with its Do–No–Call lists disabled.

65 F. Supp. 3d at 1061 (citations omitted).  These allegations were also was found sufficient to state a claim.  *Id.* at 1061.  The *Ott* court differentiated its case from *Mais* where there were "bare assertions that the defendant, who was vice president and 20% owner, controlled and authorized the policies and practices regarding the TCPA."  *Id.*

With the exception that the alleged unlawful activity here is fax advertisements rather than telephone calls, plaintiff's allegations essentially mirror those in *Bais*.  Moreover, while the allegations of the complaint in *Ott* were slightly more detailed than those before the court here, specifically regarding emails that the individual defendants had allegedly received, the allegations of plaintiff's first amended complaint are still much more similar to those found to be sufficient in *Ott* than to those found deficient in *Mais*.  *See also Starr v. Baca*, 652 F.3d 1202, 1216-17 (9th Cir. 2011) (concluding in the context of a prisoner's civil rights action that the complaint's allegations were sufficient to state a claim of supervisorial liability in wake of the decisions in *Iqbal* and *Twombly* in part because "[p]laintiff's complaint may be dismissed only when defendant's plausible alternative explanation is so convincing that plaintiff's explanation is *im*plausible.")  Accordingly, the court finds that the allegations of the first amended complaint

are sufficient to state a cognizable claim against defendant Steinberg for violation of the TCPA.

**CONCLUSION**

For the reasons set forth above,

1)  Defendant's motion to dismiss (Doc. No. 17) is denied; and

2)  The matter is referred back to the Magistrate Judge for further proceedings including the setting of a scheduling conference.

IT IS SO ORDERED.

Dated:   **June 24, 2016**

_____
UNITED STATES DISTRICT JUDGE