# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO MORA,<br><br>  Plaintiff,<br><br>  v.<br><br>ZETA INTERACTIVE CORP., et al.,<br><br>  Defendants. | Case No.  1:16-cv-00198-DAD-SAB<br><br>ORDER RE INFORMAL DISCOVERY DISPUTE |

In this class action matter, on April 13, 2016, Plaintiff filed a first amended complaint against Defendant Zeta Interactive Corp. and its CEO and founder David Steinberg alleging violations of the Telephone Consumer Protection Act (TCPA).  (ECF No. 13.)  Plaintiff noticed the Federal Rule of Civil Procedure 30(b)(6) depositions of Zeta Interactive Corp. relating to arbitration for July 20, 2016, which resulted in two disputes.  The Court conducted an informal telephonic discovery dispute conference on July 20, 2016.  Joshua Arisohn appeared on behalf of Plaintiff and John Du Wors appeared on behalf of Defendants.

The issues currently before the Court concern the order of the depositions of Defendant Zeta Interactive Corp.'s two persons most knowledgeable and the presence of each person most knowledgeable at the deposition of the other person most knowledgeable.  Plaintiff seeks to take the deposition of person most knowledgeable Jeffry Nimeroff, a person most knowledgeable on technical matters, before taking the deposition of person most knowledgeable William Ettinger,

1

general counsel for Zeta Interactive Corp.  Plaintiff argues that taking Mr. Nimeroff's deposition first regarding "technical" matters will provide guidance for Mr. Ettinger's deposition.

Plaintiff relies on Federal Rule of Civil Procedure 26(d)(3)(A) to support his argument that he should be able to decide the sequence of the depositions.  Rule 26(d)(3)(A) provides that "[u]nless the parties stipulate or the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice[,] methods of discovery may be used in any sequence."  Here, Defendants argue that Plaintiff should take Mr. Ettinger's deposition first because Mr. Ettinger has knowledge on more topics and Mr. Nimeroff is only filling the gaps in Mr. Ettinger's testimony.  Defendants argue that because Mr. Ettinger may have knowledge regarding some of the "technical" questions that Plaintiff seeks to ask, Mr. Ettinger's deposition should be conducted first.  The Court notes that the term "technical" is a broad term and that based on the representations of counsel, Mr. Ettinger may have knowledge on some of the "technical" matters that Plaintiff seeks to address first.  Therefore, for the parties' and witnesses' convenience, the Court finds that Mr. Ettinger's deposition shall take place before Mr. Nimeroff's deposition.  Mr. Nimeroff will be able to answer "technical" questions that Mr. Ettinger is not knowledgeable about.  After Mr. Nimeroff's deposition, Mr. Ettinger could be recalled if necessary.

Plaintiff also argues that the persons most knowledgeable should be precluded from attending each other's depositions.  Plaintiff argues that allowing each person most knowledgeable to be present for the depositions of the other person most knowledgeable will tip off the other person about how he should answer a question. Plaintiff cites Federal Rule of Civil Procedure 26(c)(1)(E), which provides that a court may enter a protective order "designating the persons who may be present" during a deposition upon a showing of good cause.  Recognizing that the Federal Rules should be construed and administered "to secure the just, speedy, and inexpensive determination of every action and proceeding," Fed. R. Civ. P. 1, the Court finds that it is appropriate in this instance to address whether Mr. Ettinger and Mr. Nimeroff may be present during each other's depositions.  Defendants argue that there is a presumption that witnesses may be present during one another's depositions and that Plaintiff has not shown good

cause for exclusion. Having considered the parties' arguments, the Court finds that Plaintiff has shown good cause for precluding Mr. Ettinger and Mr. Nimeroff from attending each other's depositions. Counsel may note which questions the deponent did not have knowledge to answer, so that the other person most knowledgeable can answer those questions.

Accordingly, IT IS HEREBY ORDERED that:

1. William Ettinger's deposition shall take place first and Jeffry Nimeroff's deposition shall take place second; and
2. Mr. Ettinger and Mr. Nimeroff are precluded from attending each other's depositions.

IT IS SO ORDERED.

Dated:  **July 20, 2016**

UNITED STATES MAGISTRATE JUDGE