# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO MORA,<br><br>Plaintiff,<br><br>v.<br><br>ZETA INTERACTIVE CORP., et al.,<br><br>Defendants. | Case No.  1:16-cv-00198-DAD-SAB<br><br>ORDER RE INFORMAL DISCOVERY DISPUTE REGARDING PLAINTIFF'S COUNSEL'S INSTRUCTION FOR PLAINTIFF NOT TO ANSWER QUESTIONS DURING DEPOSITION |

In this class action matter, on April 13, 2016, Plaintiff filed a first amended complaint against Defendant Zeta Interactive Corp. and its CEO and founder David Steinberg alleging violations of the Telephone Consumer Protection Act (TCPA).  (ECF No. 13.)  On July 27, 2016, Defendants took the deposition of Plaintiff, during which Plaintiff's counsel instructed Plaintiff not to answer questions because he believed that they are outside the scope of the deposition. The Court conducted an informal telephonic discovery dispute conference on July 27, 2016. Yeremey Krivoshey appeared on behalf of Plaintiff and John Du Wors appeared on behalf of Defendants.

The issue currently before the Court concerns whether Defendants' questions are outside the scope of the present phase of discovery and whether Plaintiff's counsel could instruct Plaintiff not to answer the questions.  On May 3, 2016, the Court issued a scheduling order for the first phase of this action, which relates to arbitrability – whether Plaintiff is bound by the

1

arbitration agreement.  (ECF No. 20.)  The Court's May 3, 2016 scheduling order set out a deadline for the parties to complete all discovery relating to arbitrability, which was subsequently extended to July 29, 2016.  (ECF Nos. 20, 29.)  Therefore, the scope of discovery during the first phase of this action concerns issues related to arbitrability.  However, the Court notes that some issues and questions may relate to both arbitrability and the merits of the action.

At Plaintiff's deposition, Defendants asked Plaintiff how many calls he received from Defendants and the dates of those calls.  Plaintiff's counsel instructed Plaintiff not to answer the questions because they are outside the scope of the deposition.  Defendants indicated during the informal teleconference that they also intended to ask Plaintiff about the nature of the calls and the content of the calls.

While Plaintiff believes that the number, date, nature, and content of the phone calls do not relate to the arbitrability of this action, Defendants argue that these questions are all relevant to determining whether Defendants' arbitration clause applies to this action and whether the dispute falls within the ambit of the arbitration agreement.  Plaintiff argues that whether Defendants have a contract with Plaintiff is not related to whether arbitration applies to this action.  Defendants argue that who made the phone calls is relevant to whether there is any privity for the arbitration agreement.  Defendants also argue that the content and nature of the phone calls will help Defendants determine whether the script during the phone call was one that Defendants used.

Having considered the parties' arguments, the Court finds that Defendants may ask Plaintiff how many calls he received from Defendants, the date of the calls, the nature of the calls, and the content of the calls.  The Court finds that these questions are relevant to the issue of arbitrability and it is not an undue burden for Plaintiff to answer these questions.

The Court notes that during a deposition the parties may object to questions, but counsel should "instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2).  If questions are completely outside the scope of discovery, then the parties may seek assistance from the Court in the form of a protective order.

1   Accordingly, IT IS HEREBY ORDERED that Defendants may ask Plaintiff how many
2 calls he received from Defendants, the date of the calls, the nature of the calls, and the content of
3 the calls.

IT IS SO ORDERED.

Dated:   **July 27, 2016**

UNITED STATES MAGISTRATE JUDGE