UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO MORA, | No. 1:16-cv-00198-DAD-SAB |
| Plaintiff, | |
| v. | ORDER DENYING DEFENDANTS' MOTION TO COMPEL ARBITRATION |
| ZETA INTERACTIVE CORP. and DAVID A. STEINBERG, | (Doc. No. 34) |
| Defendants. | |

This matter is before the court on defendants' motion to compel arbitration and to dismiss or stay this action. A hearing on the motion was held on October 6, 2016. Attorney Josh Arisohn appeared on behalf of plaintiff. Attorney John Du Wors appeared on behalf of defendants. Having considered the parties' briefs and oral arguments and for the reasons set forth below, the court will deny defendants' motion to compel arbitration.

**BACKGROUND**

Plaintiff Sergio Mora proceeds on his first amended complaint against defendants Zeta Interactive Corp. ("Zeta") and David A. Steinberg ("Steinberg"), the CEO and founder of Zeta. (Doc. No. 13.) Plaintiff brings this action on behalf of a putative class of individuals who received allegedly unsolicited telephone calls from Ward Media, Inc. ("Ward Media"), a now-defunct subsidiary of Zeta. (*See id.* ¶¶ 18–21.) Specifically, plaintiff alleges that on November

1

13, 2015, he personally received two telephone calls from an entity known as Education Bridge, which is related to Ward Media. (*Id.* ¶¶ 14–16.) Plaintiff further alleges that prior to these telephone calls, he: (1) never had any contact with defendants; (2) never provided defendants with his telephone number; and (3) never consented, in writing or otherwise, to receive such calls from defendants. (*Id.* ¶ 13.)

On August 26, 2015, defendants Zeta and Steinberg filed the instant motion to compel arbitration and to dismiss or stay this action. (Doc. No. 34.) In the alternative, defendants move to reopen discovery relating to the issue of arbitration. (*Id.*)[1] Defendants argue that the alleged telephone calls from Education Bridge resulted from plaintiff's visit to the website www.education4usa.info on two separate occasions—on January 22, 2015, and January 27, 2015. (Doc. No. 34 at 2) (citing Declaration of William Ettenger, Doc. Nos. 34-4–34-5 ("Ettenger Decl.") ¶ 6, Exs. A–C).[2] Defendants offer evidence that plaintiff filled out a form indicating that he wished to receive solicitations for educational opportunities. (Doc. No. 34 at 2–3.) Defendants argue that by visiting and filling out the form on the www.education4usa.info website, plaintiff not only consented to receive telephone solicitations, he also agreed to the website's terms of use. (*Id.* at 3.) The website's terms of use contained a dispute resolution clause that provided in relevant part that "[a]ny dispute relating in any way to your visit to Education4USA.info . . . shall be submitted to confidential arbitration." (*Id.*) (citing Ettenger Decl., Ex. D). Defendants therefore argue that because plaintiff was bound by the website's terms of use, this court must compel arbitration of his claims arising from plaintiff's use of the website. (*Id.* at 3–4.)

On September 22, 2016, plaintiff filed his opposition to defendants' motion. (Doc. No. 36.) On September 29, 2016, defendants filed their reply. (Doc. No. 38.)

/////

---

[1] In accordance with the court's Phase One Scheduling Order (Doc. No. 20), and the parties' later-filed stipulation (Doc. Nos. 28–29), discovery relating to arbitration ended on July 29, 2016.

[2] Plaintiff disputes that he ever visited the website. (*See* Doc. No. 36 at 4; Declaration of Joshua D. Arisohn, Doc. No. 36-1 ("Arisohn Decl.").)

**LEGAL STANDARD**

A written provision in any contract evidencing a transaction involving commerce to settle a dispute by arbitration is subject to the Federal Arbitration Act ("FAA"). 9 U.S.C. § 2. The FAA confers on the parties involved the right to obtain an order directing that arbitration proceed in the manner provided for in a contract between them. 9 U.S.C. § 4. In deciding a motion to compel arbitration, "[t]he court's role under the Act is therefore limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000); *see also Boardman v. Pacific Seafood Group*, 822 F.3d 1011, 1017 (9th Cir. 2016) (same). Defendants, the parties seeking to compel arbitration, bear the burden under the FAA to prove by a preponderance of the evidence the existence of an agreement to arbitrate. *Ashbey v. Archstone Prop. Mgmt., Inc.*, 785 F.3d 1320, 1323 (9th Cir. 2015); *Knutson v. Sirius XM Radio Inc.*, 771 F.3d 559, 565 (9th Cir. 2014) (citing *Rosenthal v. Great W. Fin. Sec. Corp.*, 14 Cal. 4th 394, 413 (1996)).

**DISCUSSION**

To compel arbitration, this court must first determine whether a valid agreement to arbitrate exists. *Boardman*, 822 F.3d at 1017; *Chiron*, 207 F.3d at 1130. Here, as defendants concede, the www.education4usa.info terms of use constitutes a browsewrap agreement, "where a website's terms and conditions of use are generally posted on the website via a hyperlink at the bottom of the screen." *Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1176 (9th Cir. 2014) (citing *Register.com, Inc. v. Verio, Inc.*, 356 F.3d 393, 428–30 (2d Cir. 2004)). As the Ninth Circuit has described,

> "[A] browsewrap agreement does not require the user to manifest assent to the terms and conditions expressly . . . [a] party instead gives his assent simply by using the website." *Hines v. Overstock.com, Inc.*, 668 F. Supp. 2d 362, 366–67 (E.D.N.Y. 2009) (citation and quotation marks omitted) (alteration in original). . . . "The defining feature of browsewrap agreements is that the user can continue to use the website or its services without visiting the page hosting the browsewrap agreement or even knowing that such a webpage exists." *Be In, Inc. v. Google Inc.*, No. 12-CV-03373-

/////

        LHK, 2013 WL 5568706, at *6 (N.D. Cal. Oct. 9, 2013). "Because no affirmative action is required by the website user to agree to the terms of a contract other than his or her use of the website, the determination of the validity of the browsewrap contract depends on whether the user has actual or constructive knowledge of a website's terms and conditions." *Van Tassell v. United Mktg. Grp., LLC*, 795 F. Supp. 2d 770, 790 (N.D. Ill. 2011) (citing *Sw. Airlines Co. v. BoardFirst, LLC*, No. 06-CV-0891-B, 2007 WL 4823761, at *4 (N.D. Tex. Sept. 12, 2007)).

*Nguyen*, 763 F.3d at 1176.

        Defendants do not dispute that plaintiff had no actual notice of the www.education4usa.info website's terms of use.[3] Instead, they contend that the website puts a reasonably prudent user on inquiry notice of the terms of use. (Doc. No. 34 at 7–9) (citing *Specht v. Netscape Commc'ns Corp.*, 306 F.3d 17, 32 (2d Cir. 2002)). Specifically, defendants argue that by enrolling in the Education Bridge program on the www.education4usa.info website, plaintiff was required to fill out a detailed enrollment form, and that the website's terms of use are conspicuously located on the website's main page. (*Id.* at 7–8.) In support of their motion, defendants submit (1) a screenshot of the main webpage at www.education4usa.info as that website purportedly existed around the time plaintiff allegedly submitted his information, and (2) a copy of the enrollment form plaintiff visited and filled out. (*Id.*; Ettenger Decl., Exs. A–B.) However, defendants fail to identify, nor can this court find, any reference or hyperlink to the website's terms of use in either document. (*See also* Arisohn Decl., Ex. C.) Because any reference to the website's terms of use are absent from these documents, there exists no evidence

/////
/////
/////
/////
/////
/////

---

[3] While defendants do mention that "Mora had actual knowledge" of the website's terms and conditions (*see* Doc. No. 34 at ii), they pointed to no evidence in support of this assertion either in their briefing or at the hearing on the pending motion.

before the court that a reasonable user was placed on notice that the terms of use applied their visit.[4]

Because defendants have failed to present any evidence that a reasonable user would have had a basis to believe the www.education4usa.info website's terms of use existed, the court finds no valid agreement to arbitrate. In addition, defendants have offered no compelling reasons for why discovery should be reopened as to this issue.

## CONCLUSION

For the reasons stated above, defendants' motion to compel arbitration (Doc. No. 34) is denied. This matter is referred back to the assigned magistrate judge for further scheduling consistent with this order.

IT IS SO ORDERED.

Dated:   **October 24, 2016**

UNITED STATES DISTRICT JUDGE

---

[4] Even if a link to the website's terms of use did exist, a reasonable user would not necessarily have had inquiry notice of those terms. In *Nguyen*, the Ninth Circuit held that

> {W]here a website makes its terms of use available via a conspicuous hyperlink on every page of the website but otherwise provides no notice to users nor prompts them to take any affirmative action to demonstrate assent, even close proximity of the hyperlink to relevant buttons users must click on—without more—is insufficient to give rise to constructive notice. . . . [T]he onus must be on website owners to put users on notice of the terms to which they wish to bind consumers.

*Nguyen*, 763 F.3d at 1178–79.