# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO MORA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ZETA INTERACTIVE CORP., et al.,<br><br>Defendants. | Case No. 1:16-cv-00198-DAD-SAB<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL<br><br>(ECF Nos. 46, 49, 51, 53) |

Currently before the Court is Plaintiff Sergio Mora's ("Plaintiff's") motion to compel production of documents. Oral argument on Plaintiff's motion was held on February 8, 2017. Counsel Joshua Arisohn appeared telephonically for Plaintiff and counsel John Du Wors appeared telephonically for Defendants Zeta Interactive Corp. ("Defendant Zeta") and David Steinberg ("Defendant Steinberg"). Having considered the notice of motion, the parties' joint statement re discovery disagreement, Defendants' supplemental statement re discovery disagreement, Plaintiff's supplemental statement re discovery disagreement, arguments presented at the February 8, 2017 hearing, as well as the Court's file, the Court issues the following order.

**I.**

**RELEVANT HISTORY**

Plaintiff proceeds on his first amended complaint ("FAC") against Defendant Zeta and Defendant Steinberg, the CEO and founder of Defendant Zeta. (FAC, ECF No. 13.)[1] Plaintiff

---

[1] The Court notes that Plaintiff filed a motion to amend his complaint on February 3, 2017, which is set for hearing on March 7, 2017. (ECF No. 55.)

1

1 brings this action on behalf of a putative class of individuals who received allegedly unsolicited
2 telephone calls from Ward Media, Inc. ("Ward Media"), a now defunct subsidiary of Defendant
3 Zeta. (Id. at ¶¶ 1-4, 18-21.) Specifically, Plaintiff alleges that on November 13, 2015, he
4 personally received two telephone calls from an entity known as Education Bridge, which is
5 related to Ward Media. (Id. at ¶¶ 14-16.) Plaintiff also alleges that prior to these telephone calls,
6 he : (1) never had any contact with Defendants; (2) never provided Defendants with his
7 telephone number; and (3) never consented, in writing or otherwise, to receive such calls from
8 Defendants. (Id. at ¶ 13.) Plaintiff's claims are based on alleged violations of the Telephone
9 Consumer Protection Act ("TCPA"). (Id. at ¶ 2.)

10 On January 17, 2017, Plaintiff filed a motion to compel discovery with a hearing on the
11 motion set for February 8, 2017. (ECF No. 46.) The parties filed a joint statement re discovery
12 disagreement on January 23, 2017. (ECF No. 49.)

13 On January 25, 2017, an order issued requiring the parties to conduct a meaningful meet
14 and confer in person or by telephone regarding the issues in the motion to compel on or before
15 January 31, 2017. (ECF No. 50.) The parties were also ordered to file a supplemental joint
16 statement detailing their renewed meet and confer efforts and any additional information for the
17 motion, or a notice of withdrawal of the motion to compel, on or before January 31, 2017. If
18 Plaintiff did not withdraw the motion to compel and Defendants requested a protective order that
19 was different from Plaintiff's proposed protective order, Defendants were ordered to file a copy
20 of their proposed protective order.

21 On January 30, 2017, the parties met and conferred. On January 31, 2017, Defendants
22 filed their updated statement re discovery disagreement discussing their position and their
23 proposed protective order. (ECF No. 51.) Defendants indicate in their updated statement re
24 discovery disagreement that after the parties met and conferred on January 30, 2017, Plaintiff
25 provided Defendants with an updated joint statement reflecting Plaintiff's changes. Defendants
26 then provided Plaintiff with Defendants' changes. Defendants state that they then inquired
27 multiple times regarding Plaintiff's intent to file the updated joint statement, but they did not
28 receive any response from Plaintiff and Plaintiff had not filed the joint statement at the time

Defendants filed their updated portion of the joint statement. Plaintiff also did not file a supplemental statement re discovery disagreement, file a notice of withdrawal of the motion to compel, or otherwise respond to the Court's January 25, 2017 order.

On February 1, 2017, the Court ordered Plaintiff to show cause in writing why sanctions should not be imposed for failure to comply with the January 25, 2017 order. (ECF No. 52.) On February 1, 2017, Plaintiff filed his response to the order to show cause and his updated statement re discovery disagreement. (ECF No. 53.) Plaintiff's counsel indicates that he thought that Defendants would be making the required joint filing after adding their portion and that he was on a flight and did not receive Defendants' email asking which party would be filing the joint statement. Based on Plaintiff's response, the Court discharged the February 1, 2017 order to show cause. (ECF No. 54.)

## II.

## LEGAL STANDARD

Motions to compel are governed by Federal Rule of Civil Procedure 37, which states, in pertinent part:

> **(a) Motion for an Order Compelling Disclosure or Discovery.**
> **(1)** *In General*. On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

Fed. R. Civ. P. 37.

Rule 34 of the Federal Rule of Civil Procedure provides that a party may serve upon any other party a request for production of any designated documents or electronically stored information within the party's possession, custody, and control that is within the scope of Rule 26. Fed. R. Civ. P. 34(a)(1)(A). The party receiving the request has thirty days in which to respond. Fed. R. Civ. P. 34(b)(2). A party may move for an order compelling production where the opposing party fails to produce documents as requested under Rule 34. Fed. R. Civ. P. 37(a)(3(B)(iv).

Discovery is not limited to the issues raised in the pleadings but encompasses any matter

that bears on or reasonably could lead to other matter that bears on any issues that is or may be in the case. Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). However, discovery does have ultimate and necessary boundaries. Oppenheimer Fund, Inc., 437 U.S. at 351. Rule 1 of the Federal Rules of Civil Procedure provides that the Federal Rules should be administered to "secure the just, speedy, and inexpensive determination of every action and proceeding."

### III.

### DISPUTED DISCOVERY REQUESTS

Plaintiff brings this motion to compel production of documents in response to requests no. 18, 19, and 21, which are essentially requests for Defendants' outbound call logs.

#### A.   Plaintiff's Requests for Production

Plaintiff's Request for Production No. 18 seeks "DOCUMENTS sufficient to IDENTIFY ALL CALL RECIPIENTS who received PHONE CALLS in which YOU used TELEPHONE DIALING EQUIPMENT." (ECF No. 49 at 2.)[2]

Plaintiff's Request for Production No. 19 seeks "DOCUMENTS sufficient to IDENTIFY the total number of PHONE CALLS made to CALL RECIPIENTS in which YOU used TELEPHONE DIALING EQUIPMENT." (Id.)

Plaintiff's request for production no. 21 seeks "DOCUMENTS sufficient to IDENTIFY the total number of CALL RECIPIENTS." (Id.)

#### B.   Defendants' Response

Defendants responded to all three document requests at issue in this motion by incorporating their general objections, and also specifically objected insofar as the requests "seek[] discovery unrelated to class certification, which is outside the scope of discovery at this time pursuant to the November 15, 2016 Phase II Scheduling Order." (Id. at 2-4.) Defendants also objected based on the attorney-client, work-product privileges, and because the requests, and specifically, the terms "call recipients" and "phone calls," are overbroad, unduly

---

[2] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

4

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.[3] (Id.) Defendants further objected because a protective order has not been entered in this case and the requests seek confidential and/or trade secret information. (Id.)

**C. Definitions**

The definition of "CALL RECIPIENTS" is "all persons to whom YOU, your agents or anyone else acting on your behalf, placed PHONE CALLS." (ECF No. 51 at 4.)

The definition of "PHONE CALLS" is "any calls made by YOU, your agents or anyone else acting on your behalf." (Id.)

The definition of "YOU" is "Defendants Zeta Interactive Corp., David A. Steinberg, Ward Media, Inc., Education Bridge and any relevant predecessors, successors, subsidiaries, departments, divisions, committees, and/or affiliates, and including, without limitation, any organization or entity which it manages or controls, together with all present and former directors, officers, employees, agents, representatives, attorneys, or any persons acting, or purporting to act, on its behalf, including any call center or consulting firms retained, employed, or consulted by DEFENDANTS in connection with PHONE CALLS." (Id.)

**IV.**

**DISCUSSION**

Plaintiff requests that the Court issue an order compelling Defendants to produce a log of all calls that it made during the relevant time period (February 16, 2012 through the present). (ECF No. 49 at 4.) Defendants argue that these requests are overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff argues that the call logs are highly relevant because the call logs are relevant to class considerations of numerosity and commonality. Plaintiff asserts that Defendants' boilerplate objections are unavailing because a protective order can address Defendants' concerns and Defendants have not provided any evidence to support their undue burden claims.

---

[3] While Defendants objected to the requests for production because the information contained in the documents that Plaintiff seeks is protected by attorney-client privilege and work-product privilege, Defendants do not raise these arguments in the joint statement re discovery disagreement or in their updated statement re discovery disagreement. Therefore, the Court does further discuss attorney-client privilege or work-product privilege in this order.

5

**A.    Relevance and Proportionality of the Requested Call Logs**

Rule 26, as recently amended, provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Information need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b)(1). The December 2015 amendment to Rule 26 was to restore the proportionality factors in defining the scope of discovery. See Advisory Committee Notes to Rule 26(b)(1) 2015 Amendment. Under the amended Rule 26, relevancy alone is no longer sufficient to obtain discovery, the discovery requested must also be proportional to the needs of the case. In re Bard IVC Filters Prod. Liab. Litig., 317 F.R.D. 562, 564 (D. Ariz. 2016).

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevancy to the subject matter of the litigation "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc., 437 U.S. at 351. Discovery is designed to help define and clarify the issues. Id. Although relevancy is broadly defined for the purposes of discovery, it does have "ultimate and necessary boundaries." Gonzales v. Google, Inc., 234 F.R.D. 674, 680 (N.D. Cal. 2006) (citations omitted). "The party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975).

"Prior to certification of a class action, discovery is generally limited and in the discretion of the court." Del Campo v. Kennedy, 236 F.R.D. 454, 459 (N.D. Cal. 2006) (citing Tracy v. Dean Witter Reynolds, 185 F.R.D. 303, 304 (D. Co. 1998)). Generally, it is the plaintiff's burden to make a "prima facie showing that the class actions requirements of Federal Rule of

6

Civil Procedure 23 are satisfied or that discovery is likely to produce substantiation of the class allegations." Del Campo, 236 F.R.D. at 459 (quoting Tracy, 185 F.R.D. at 304). Especially when the material is in the possession of the defendant, the court should allow the plaintiff enough discovery to obtain evidence as to whether a class action is maintainable. Doninger v. Pac. Nw. Bell, Inc., 564 F.2d 1304, 1313 (9th Cir. 1977). The court should consider "the need for discovery, the time required, and the probability of discovery providing necessary factual information" in exercising its discretion to allow or prohibit discovery. Doninger, 564 F.2d at 1313. "Yet where the plaintiffs fail to make even a prima facie showing of Rule 23's prerequisites, as we find here, the burden is on the plaintiff to demonstrate that discovery measures are likely to produce persuasive information substantiating the class action allegations." Id. (citing Hatfield v. Williams, 64 F.R.D. 71, 75 (N.D. Iowa 1974)).

To make a prima facie showing under Rule 23(a) of the Federal Rules of Civil Procedure a plaintiff must meet the prerequisites of numerosity, commonality, typicality, and adequacy of representation. Plaintiff must show "(1) that the class is so numerous that joinder of all members is impracticable; (2) that there are questions of law or fact common to the class; (3) that the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) that the representative parties will fairly and adequately protect the interests of the class." Ogden v. Bumble Bee Foods, LLC, 292 F.R.D. 620, 622 (N.D. Cal. 2013) (internal punctuation and citation omitted).

Plaintiff asserts that defendants in other TCPA cases regularly produce call logs. See Thrasher v. CMRE Fin. Servs., Inc., 142 F. Supp. 3d 1083, 1086 (S.D. Cal. Mar. 30, 2015); Gossett v. CMRE Fin. Servs., 142 F. Supp. 3d 1083, 1087 (S.D. Cal. Oct. 30, 2015); Gaines v. Law Office of Patenaude & Felix, A.P.C., No. 13CV1556-JLS DHB, 2014 WL 3894348, at *3 (S.D. Cal. June 12, 2014); O'Shea v. Am. Solar Sol., Inc., No. 14CV894-L (RBB), 2016 WL 701215, at *3 (S.D. Cal. Feb. 18, 2016). The Court finds that at least some of Defendants' call logs are relevant to the Rule 23 requirements for Plaintiff's claim. However, the Court now must determine the scope of Defendants' call logs that should be produced.

///

a.       Who the Calls were Made By

First, the Court addresses whether the calls logs should be limited based on who the calls were made by.  Defendants argue that Plaintiff's request should be limited to only call logs for calls made by Education Bridge.  Defendants assert that telephone calls by other subsidiaries of Defendant Zeta have nothing to do with Plaintiff's claims in this action.  Plaintiff contends that he should receive all of Defendants' call logs because he seeks to represent a class that includes all calls made by Defendants.  (ECF No. 53-1 at 6.)

Based upon the information before the Court, Defendant Zeta is a company with multiple subsidiaries.  (ECF No. 51 at 3-4.)  The calls that were made to Plaintiff that are at issue in this case were by Education Bridge, a subsidiary of Defendant Zeta.  (FAC at ¶¶ 14-16, ECF No. 51 at 3.)  Plaintiff argues that Education Bridge is just one of dozens of call campaigns that Defendants have engaged in and that the class is not limited to Education Bridge.  (ECF No. 53-1 at 6.)

Here, the November 15, 2016 phase two scheduling order provides that the motion to certify the class must be filed on or before August 11, 2017.  Currently, no such motion has been filed.  The definitions for the two proposed classes in Plaintiff's first amended complaint are for calls "made by or on behalf of Defendant in order to promote its products or services."  (FAC at ¶¶ 19, 20.)[4]

Plaintiff is seeking to determine how many people and the names of the people who were contacted by any of the companies and call campaigns of Defendant Zeta.  While the Court considers Plaintiff's class definitions in the first amended complaint, the other facts in the first amended complaint and in the record do not justify imposing a significant burden on Defendant Zeta to produce all of Defendant Zeta's calls when it appears this case involves only one of Defendant Zeta's subsidiaries, Education Bridge.  See Gusman v. Comcast Corp, 298 F.R.D. 592, 597 (S.D. Cal. April 2, 2014) (finding that the facts in the record do not justify imposing a significant burden on defendant to produce an outbound dial list of marketing calls when it

---

[4] The Court notes that Plaintiff filed a motion to amend his complaint on February 3, 2017, and the proposed second amended complaint does not change the proposed classes.  (ECF No. 55-1 at ¶¶ 23, 24.)

8

appears the case involves collection calls even though there are class allegations for marketing calls). There presently is no representative plaintiff who fits the bill for any of the other subsidiaries besides Education Bridge or any evidence in the record that the dialing system used by Education Bridge is also used by the other subsidiaries.[5]

While the Court is to allow Plaintiff to conduct discovery to obtain evidence on whether a class action is maintainable, based on the current record in this matter, Plaintiff's requested discovery for all of the call logs of Defendant Zeta is a fishing expedition. Courts do not have to allow discovery whose purpose is a "fishing expedition." Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004).

Therefore, the Court finds that the only call logs that Defendants have to produce at this time are for calls made by Education Bridge.

  b. Timeframe

Second, the Court addresses the timeframe for the call logs that should be produced. The parties agree that the timeframe should be the putative class period, which is February 16, 2012, through present. Defendants indicate that Education Bridge uses a Noble System Dialer, which contains data that can be queried to pull all the data Education Bridge keeps in association with marketing calls. (ECF No. 51 at 6 n.3). However, Defendants indicate that it appears that call records go back approximately three years per Education Bridge's ordinary retention capabilities. (Id.) Defendants cannot be required to produce information that is not in its possession.

Therefore, the Court finds that Defendants should produce the call logs for the putative class period, February 16, 2012, through present, to the extent the call logs exist.

  c. The Purpose of the Phone Calls

Third, the Court addresses whether the call logs produced should be limited by the purpose of the phone calls. Defendants argue that they should only have to produce marketing telephone calls by Education Bridge, and not phone calls made by Defendant Zeta business

---

[5] Further, the Court notes that while Plaintiff is seeking to amend his complaint, the proposed second amended complaint only adds one plaintiff and there are no allegations that this new plaintiff, Plaintiff Rivas, was called by a subsidiary other than Education Bridge. The second amended complaint actually does not specify which subsidiary called Plaintiff Rivas. The allegations are that "Defendants called Plaintiff Rivas." (ECF No. 55-1 at ¶¶ 18-19.) The Court notes that Defendants contended during the hearing that Plaintiff Rivas was called by Education Bridge.

people for business purposes.  Plaintiff counters that Defendants refuse to explain how they will determine which calls fit into this category and which calls will be excluded.

Here, the allegations are that Plaintiff was called by Education Bridge and Ward Media. (FAC at ¶¶ 1, 4, 15.)  Based on the allegations in the first amended complaint, the calls were made regarding "education leads."  (FAC at ¶¶ 16-17.)  The definitions for the two proposed classes in the first amended complaint are for calls "made by or on behalf of Defendant in order to promote its products or services."  (FAC at ¶¶ 19, 20.)  Calls that were made by Education Bridge employees for business reasons, such as calls between two employees of Defendants, are not relevant to this action.  Based upon the first amended complaint, including the definitions of the proposed classes, the only relevant calls are ones made to promote products or services.

Therefore, the Court finds that Defendants should produce calls made by Education Bridge in order to promote its products or services.

d.      <u>Defendants' Other Proposed Limitations for the Call Logs</u>

Fourth, the Court addresses Defendants' arguments regarding other limitations to the call logs.  Defendants argue that the document requests should be limited to calls using an automatic telephone dialing system ("ATDS") where there is no prior express consent.  Plaintiff counters that Defendants refuse to disclose which systems are at issue, how they are determining whether a system is ATDS, and which dialing systems are being excluded.  Plaintiff contends that it is not appropriate for Defendants to determine behind closed doors whether a dialing system constitutes an ATDS and that is usually a contested issue in this type of case.

The Court agrees with Plaintiff and finds that whether calls were made using an ATDS or occurred without prior express consent are contested issues in a TCPA case, and Defendants are not allowed to only produce the call lists for calls that they believe meet the definition of using an ATDS or that they believe were made without prior express consent.

Accordingly, considering the relevance to Plaintiff's claim and the proportionality to the needs of the case, the Court finds that Plaintiff's request for Defendants' call logs should be granted, but limited to only calls made by Education Bridge, during the putative class period, February 16, 2012, through present, in order to promote its products or services.

### B. The Format of the Discovery of the Call Logs

Next, the parties dispute the proper format of the discovery of the call logs. Specifically, the parties dispute whether the call logs should be produced or inspected and the manner for doing so. Defendants assert that Education Bridge does not maintain a list of calls or call recipients, but the information is stored in Defendant Zeta's proprietary source code. Defendants contend that in order to produce a call list like that which Plaintiff seeks, one must access Defendant Zeta's source code and run various commands or scripts to create it. Based on this, Defendants assert that Plaintiff's counsel may view the source code and data, with an expert of Plaintiff's choice, who has been vetted by Defendants' counsel, in a secure location on a secure laptop.[6] Defendants also contend that for Plaintiff to prove his allegations, he will need to examine the source code.

Plaintiff argues that a comprehensive protective order should obviate the need for an in-person inspection of the documents. Plaintiff asserts that Defendants have not provided Plaintiff with a single example of a document request that would require Defendants to produce their source code and how producing the call logs would entail producing Defendants' source code.

On the subject of ESI, the Federal Rules state:

> **(E)** *Producing the Documents or Electronically Stored Information*. Unless otherwise stipulated or ordered by the court, these procedures apply to producing documents or electronically stored information:
> **(i)** A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request;
> **(ii)** If a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms; and
> **(iii)** A party need not produce the same electronically stored information in more than one form.

Fed. R. Civ. P. 34(b)(2)(E). The 2006 Advisory Committee Notes for Rule 34 further state:

---

[6] Defendants indicated in their statement re discovery dispute that they have offered to provide to counsel for Plaintiff the call record data for all education lead call recipients retained by Education Bridge on a secure laptop in Florida pursuant to the parameters specified in Defendants' proposed protective order. At the hearing, Defendants discussed the possibility of putting the data on servers and the servers being viewed by Plaintiff's counsel and Plaintiff's expert at a secure location in New York City or in Michigan, which is the location of Plaintiff's expert.

> If the requesting party is not satisfied with the form stated by the responding party, or if the responding party has objected to the form specified by the requesting party, the parties must meet and confer under Rule 37(a)(2)(B) in an effort to resolve the matter before the requesting party can file a motion to compel. If they cannot agree and the court resolves the dispute, the court is not limited to the forms initially chosen by the requesting party, stated by the responding party, or specified in this rule for situations in which there is no court order or party agreement.
>
> ...
>
> Rule 34(a) requires that, if necessary, a responding party "translate" information it produces into a "reasonably usable" form. Under some circumstances, the responding party may need to provide some reasonable amount of technical support, information on application software, or other reasonable assistance to enable the requesting party to use the information. The rule does not require a party to produce electronically stored information in the form it which it is ordinarily maintained, as long as it is produced in a reasonably usable form. But the option to produce in a reasonably usable form does not mean that a responding party is free to convert electronically stored information from the form in which it is ordinarily maintained to a different form that makes it more difficult or burdensome for the requesting party to use the information efficiently in the litigation. If the responding party ordinarily maintains the information it is producing in a way that makes it searchable by electronic means, the information should not be produced in a form that removes or significantly degrades this feature.

Fed. R. Civ. P. 34 advisory committee's note.

While a responding party is not required to create documents responsive to a request for production, it must produce or permit for inspection reasonably accessible electronically stored information. See Fed. R. Civ. P. 34(a)(1)(A).

Here, Defendants have not shown that Plaintiff would actually be required to view the source code in order to see the call logs. While Defendants assert that one must access Defendant Zeta's source code and run various scripts or commands to create the call logs, Defendants have not explained why they cannot just run the scripts or commands and create the call logs and then turn over the call logs to Plaintiff. Defendants stated at the hearing that Plaintiff's expert could go to the secure location and run the queries on the data to produce the information that she needs and then could request production of the call logs in accordance with Defendants' proposed protective order. However, it appears to the Court that Defendants are capable of running the scripts and commands on the data and producing the call logs as specified

in this order. Plaintiff's expert can then evaluate the data that has been produced and run the data through programs, which according to Plaintiff's statement at the hearing, may take weeks.[7] While Defendants argued at the hearing that the distribution list of names is as important as or even more important than the source code, the call logs will be covered by a protective order, which will restrict who has access to the call logs and for what purpose the call logs may be used. Although Defendants contend that Plaintiff will need to view the source code to prove his allegations, Plaintiff is not requesting to view the source code.

Therefore, the Court, in its discretion and considering the circumstances of this case, finds that the call logs should be produced in an electronic format. Plaintiff should not be required to have to personally inspect the data on a computer at a certain location during a set time. If Defendants are incapable of producing the call logs in an electronic format, they may request an evidentiary hearing before the Court.

### C.     Protective Order

Last, the Court addresses the parties' arguments regarding which protective order should be entered in this action based on the call logs beings produced. Both parties have submitted proposed protective orders in this matter. Plaintiff requests that the Court adopt the Northern District of California Model Protective Order.[8] Defendants assert that their proposed protective order, which they filed on January 31, 2017, is necessary to protect Defendant Zeta's proprietary source code and highly sensitive data. Defendants' proposed protective order is based upon the Northern District of California's Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets, but also includes additions and changes to the source code and highly sensitive data section.

Here, Defendants will not be producing their actual source code to Plaintiff, but the data

---

[7] The Court notes that Defendants' proposed protective order says that "[t]he Receiving Party may request production of limited portions of ESI that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for disposition or trial." (ECF No. 51-1 at 15.) Defendants' proposed protective order would only permit Plaintiff and Plaintiff's expert to have a limited amount of the call logs produced, instead of all of the call logs which the Court finds should be produced.

[8] The model protective order can be found at http://www.cand.uscourts.gov/filelibrary/407/CAND_Standard ProtOrd.pdf.

from the source code. As discussed above, the Court finds that Defendants should produce the call logs rather than requiring Plaintiff to inspect the data at a secure location at a set time. Therefore, the sections of Defendants' proposed protective order regarding the procedure for inspecting the data at a set location are not applicable. The parties shall file a stipulated protective order based upon the Northern District of California's Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets, but excising portions that are inconsistent with this order, within ten (10) days of the date of entry of this order.[9]

## V.
## ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel production of documents responsive to request for production nos. 18, 19, and 21 is GRANTED IN PART;

2. Defendants shall produce the call logs for calls made by Education Bridge, during the putative class period, from February 16, 2012, through present, in order to promote its products or services, in an electronic format within twenty-one (21) days of the date of entry of this order; and

3. The parties shall file a stipulated protective order based upon the Northern District of California's Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets, but excising portions that are inconsistent with this order, within ten (10) days of the date of entry of this order.

IT IS SO ORDERED.

Dated:   **February 10, 2017**

UNITED STATES MAGISTRATE JUDGE

---

[9] The model protective order can be found at http://www.cand.uscourts.gov/filelibrary/776/ND_Cal_Patent_Highly_Sensitive_Model_Prot_Ord_Revised.docx.

14